IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIFEWORKS ADVISORS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ZOE FINANCIAL, INC.,<br><br>    Defendant. | CASE NO. |

## COMPLAINT

Lifeworks Advisors, LLC ("Lifeworks"), by and through its undersigned attorneys Honigman LLP, for its Complaint against Defendant Zoe Financial, Inc ("Zoe") states as follows:

## NATURE OF THE CASE

1.    A party cannot be forced to participate in an arbitration proceeding to which it did not consent.  Zoe attempts to sidestep this foundational principle to pin Lifeworks for claims stemming from a contract to which Lifeworks was never a party.  Zoe filed a Demand for Arbitration with the American Arbitration Association against Vincere Wealth Management LLC ("Vincere Wealth") and Vincere Tax LLC ("Vincere Tax") (together, the "Vincere Entities"), as well as against Lifeworks, alleging that the Vincere Entities breached an Advisory Solicitation Agreement ("Solicitation Agreement") by failing to pay Zoe for referrals client referrals.  While the Solicitation Agreement contains an arbitration provision, Lifeworks is not a signatory to the Solicitation Agreement and has no relationship with Zoe.  Undeterred, Zoe seeks to unilaterally tie Lifeworks to a contract that Lifeworks did not sign and an arbitration proceeding to which Lifeworks never agreed, with the ultimate objective of improving its prospects of collecting the

debt allegedly owed to Zoe by the Vincere Entities. Lifeworks is now forced to bring this action to obtain a declaratory judgment to confirm that Lifeworks should not be subject to the arbitration initiated by Zoe, as well as for a permanent injunction enjoining the arbitration from proceeding with Lifeworks as a respondent.

## PARTIES, JURISDICTION AND VENUE

2. Lifeworks is a Michigan limited liability company with its principal place of business in Grand Rapids, Michigan. Lifeworks' sole member is Lifeworks Holdings, LLC ("Lifeworks Holdings"), a Delaware limited liability company. Lifeworks Holdings' members, in turn, are Ron Bullis and Kurt Van Dyken, each of whom is domiciled in Michigan. Thus, for purposes of jurisdiction, Lifeworks' is a citizen of Michigan.

3. Upon information and belief, Zoe is a Delaware corporation with its principal place of business in New York City, New York.

4. Zoe's arbitration demand asserts claims against Lifeworks of at least $340,000, exclusive of interest and costs. Lifeworks seeks a declaratory judgment regarding the arbitrability of Zoe's claims against Lifeworks. The matter in controversy thus exceeds $75,000, excluding interest and costs.

5. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the citizenship of the parties is diverse and the underlying amount in controversy exceeds $75,000, excluding interest and costs.

6. This Court has personal jurisdiction over Zoe because Zoe has engaged in substantial and systematic commercial activities with individuals and entities located in this State, has offered and/or sold services within this State in the ordinary course of trade, and otherwise has constitutionally sufficient contacts with this State so as to make personal jurisdiction proper in this Court.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Lifeworks' claims occurred in this district, as Zoe is located in this district.

## **GENERAL ALLEGATIONS**

### *Zoe's Agreement with the Vincere Entities*

8. Lifeworks is a leader in providing financial planning services to its clients.

9. Upon information and belief, Zoe provides a platform through which prospective clients of financial planning services can identify and hire independent financial advisors.

10. Consistent with its business model, in November 2022, Zoe entered into a Solicitation Agreement with financial advisors, the Vincere Entities. (*See* **Exhibit 1**, Arbitration Demand at Ex. A, Solicitation Agreement.)

11. Zoe's Solicitation Agreement with the Vincere Entities forms the genesis of the underlying dispute.

12. The Solicitation Agreement obligated Zoe to refer prospective clients to the Vincere Entities in exchange for their payment of fees according to a specified schedule. (*See id.*)

13. With respect to dispute resolution, the Agreement calls for the Vincere Entities and Zoe "to settle by binding arbitration any dispute or controversy between the Parties and/or any of [the Vincere Entities] or Zoe's officers, employees, directors, or agents which in any way arises out of or relates to this Agreement or the Services." (*Id.*) The Agreement further contemplates the arbitration would be conducted "in New York, New York by the American Arbitration Association under the Commercial Arbitration [R]ules." (*Id.*)

14. Lifeworks is not a signatory to the Solicitation Agreement.

15. Indeed, absent from the Solicitation Agreement, are any references to Lifeworks, provisions assigning obligations, rights, or benefits to Lifeworks, or any language reflecting an agreement by Lifeworks to be bound by the arbitration clause.

16. At the time the Vincere Entities entered into the Solicitation Agreement with Zoe, Lifeworks had no affiliation with the Vincere Entities such that it could have possibly consented or agreed to arbitrate any disputes arising out of the Solicitation Agreement.

*Lifeworks Acquisition of Vincere Wealth*

17. Nearly two years after the Vincere Entities entered into the Solicitation Agreement with Zoe, Lifeworks acquired Vincere Wealth in May 2024 (the "Acquisition").

18. In agreeing to acquire Vincere Wealth, Lifeworks negotiated to exclude any liabilities the Vincere Entities may have owed to Zoe from the Acquisition.

19. Specifically, the Acquisition included Vincere Wealth only and specifically identified Vincere Tax as an "excluded asset."

> 1.2    Excluded Assets. The Purchased Assets will not include, and Buyer will not be deemed to purchase or acquire, any of the assets not expressly included among the Purchased Assets. For avoidance of doubt, Vincere Tax, LLC, Aim Right Media, LLC and the trade names "College Funding Hero" and "Money Masters" are excluded assets.

(**Exhibit 2**, Asset Purchase Agreement ("APA") § 1.2.)

20. Lifeworks did not agree to acquire any portion of Vincere Tax, much less any of Vincere Tax's liabilities, debts, or responsibilities owed to Zoe.

21. In addition, the APA specifically provided that Lifeworks did "not assume any Liability of [Vincere Wealth]" through the Acquisition:

> 1.3    **Excluded Liabilities.** Notwithstanding anything to the contrary contained in this Agreement, Buyer will not assume any Liability of Seller, whether arising from or related to Seller, the Business, or the Purchased Assets, whether disclosed on the schedules to this Agreement, and regardless of when or by whom asserted, including any Liability or Loss related to, resulting from or arising in connection with the Business (each such Loss or Liability, an "Excluded Liability" and collectively, the "Excluded Liabilities"). The Excluded Liabilities are the full responsibility of Seller and Seller will promptly pay, perform and discharge, as and when due, each Excluded Liability.

(*Id.* § 1.3.)

### *Zoe's Claims and Arbitration Demand*

22.    On March 27, 2025 Zoe initiated an arbitration proceeding with the American Arbitration Association ("AAA") styled as *Zoe Financial, Inc. v. Vincere Wealth Management LLC and Vincere Tax LLC*, Case No. 01-25-0001-5801 (the "Arbitration") alleging that the Vincere Entities stopped paying amounts due to Zoe under the Agreement and providing invoices necessary for Zoe to render further bills to the Vincere Entities. (*See* Ex. 1.)

23.    Based on these allegations, the Arbitration Demand alleged that the Vincere Entities were liable for "breach of contract, breach of the covenant of good faith and fair dealing, and other quasi-contractual theories of liability, among other potential causes of action." (*Id.*)

24.    Despite not being involved in the Solicitation Agreement between Zoe and the Vincere Entities, Lifeworks was named by Zoe as a respondent in the Arbitration Demand. (*See id.*)

25.    Zoe alleges—without explanation or legal argument—that Lifeworks is liable for the alleged liabilities owed by the Vincere Entities simply because Lifeworks is—in Zoe's view—a "successor" to the Vincere Entities.

26.    Zoe's theory does not square with the law. Neither New York nor federal law countenance Zoe's unilateral efforts to require Lifeworks to participate in an arbitration proceeding to which it did not consent. *See Holick v. Cellular Sales of New York, LLC*, 802 F.3d 391, 395 (2d Cir. 2015) ("[A]rbitration is a matter of consent, not coercion. Specifically, arbitration is a matter

5

of contract, and therefore a party cannot be required to submit to arbitration any dispute which it has not agreed so to submit.") (punctuation modified); *Ferarro v. E. Coast Dormer, Inc.*, 209 A.D.3d 717, 718, 176 N.Y.S.3d 105, 107 (2022) ("[A] party will not be compelled to arbitrate and, thereby, to surrender the right to resort to the courts, absent evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes.") (punctuation modified).

27. Worse still, Zoe has recently reached an agreement to settle its claims against the Vincere Entities such that Zoe now seeks to proceed with the Arbitration against Lifeworks only.

28. On information and belief, the settlement agreement between the Vincere Entities encompasses only a portion of the liability Zoe alleges is owed to it by the Vincere Entities. Zoe now seeks to pin Lifeworks for the remainder of the liability and refuses to dismiss Lifeworks as a respondent from the Arbitration—a proceeding to which Lifeworks never agreed to participate.

29. Lifeworks has repeatedly explained to Zoe the absence of any obligation or liability owed by Lifeworks to Zoe in connection with Zoe's Solicitation Agreement with the Vincere Entities. Lifeworks has also repeatedly objected to Zoe's attempts to unilaterally compel Lifeworks' participation in the Arbitration.

30. Notwithstanding the absence of any contractual or legal obligations owed by Lifeworks to Zoe, Zoe has persisted in demanding that Lifeworks pay for liabilities that Lifeworks never agreed to pay, that were specifically excluded from Lifeworks' acquisition of Vincere Wealth, and for Lifeworks to participate in an arbitration proceeding to which Lifeworks never agreed.

31. Lifeworks has not consented to arbitrate any claims with Zoe and is not bound by the arbitration provision in the Solicitation Agreement.

## COUNT I
## DECLARATORY JUDGMENT

32. Lifeworks realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

33. The parties dispute their respective rights under the Solicitation Agreement, to which Lifeworks is not a signatory.

34. An actual controversy exists between the parties regarding the existence of contractual rights sufficient to warrant the Court declaring the rights of the parties.

35. Lifeworks is entitled to a court declaration that Lifeworks is not legally bound to arbitrate Zoe's claims in its Arbitration Demand.

## COUNT II
## INJUNCTIVE RELIEF

36. Lifeworks realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

37. Lifeworks is entitled to a permanent injunction enjoining the Arbitration commenced by Zoe on March 27, 2025 from proceeding with Lifeworks as a respondent.

38. Lifeworks is likely to succeed on the merits of its claim that the dispute is not subject to arbitration because Lifeworks never assented to arbitrate any claims with Zoe.

39. Lifeworks will suffer irreparable harm if the injunction is not issued because it will be forced to either participate in an arbitration to which it did not consent or abstain and risk a default.

40. Zoe, by contrast, would not suffer any harm in being ordered to comply with the limits of its contractual agreement with the Vincere Entities.

41. The issuance of an injunction protecting Lifeworks from participating in an arbitration proceeding to which it did not assent is in the best interest of the public.

## **PRAYER FOR RELIEF**

WHEREFORE, Lifeworks respectfully requests the Court order as follows:

A. Grant declaratory relief under 28 U.S.C. § 2201 that Lifeworks is not bound to arbitrate Zoe's claims in its March 27, 2025 Arbitration Demand;

B. Grant permanent injunctive relief under Federal Rule of Civil Procedure 65 enjoining the arbitration commenced by Zoe from proceeding;

C. Enter an award of actual legal fees and other costs to Lifeworks; and

D. Grant all such other relief as this Court may deem just, equitable, or appropriate under the circumstances.

Respectfully submitted,

Dated June 24, 2025

HONIGMAN LLP

*Attorneys for Lifeworks Advisors, LLC*

By: */s/ Gabriel E. Bedoya*
Gabriel E. Bedoya (GB1223)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
313.465.7000